### TREMPER et v YETTER

Ohio Appeals, 6th Dist, Erie Co
No. 264. Decided April. 24, 1931

C. J. Minor, Sandusky, for Tremper et.
Henry Hart, Sandusky, for Yetter.

RICHARDS, J.

The defendant testifies that she erected these pillars in the grass but next to the part of the driveway where the wheels travel. A surveyor, Mr. J. M. Eakin, who measured the property, testified that the pier next to the street projects 7½ inches into the disputed strip, the second pier 5¼ inches and the third one, near the garage, a trifle more than 5¼ inches. Considering the overhang of an automobile as being about 6 inches, it is perfectly clear that after the piers were built the driver of an automobile would have to edge over away from the piers sufficiently to avoid the overhang of the automobile striking the piers. The evidence is that the piers were often struck, especially in backing the car out through the driveway. Under the evidence in this case we must find that these piers, considering the overhang of an automobile, encroach upon that part of the driveway which was used for travel before their erection.

The defendant acted under the advice of counsel in erecting the piers and did not place them with any actual intent to violate the order of the court. We do not, therefore, find her guilty of contempt, but the order of the court will be that on or before May 5, 1931, she move the piers back to the line testified to by the surveyor, namely, the first pier, next to Monroe Street, seven and one-half (7½) inches, and each of the next two, five and one-quarter (5¼) inches.

It must be understood that neither the plaintiffs nor any member of the family has any right to drive on any part of the property of the defendant lying beyond a straight line drawn along the face of these piers adjoining the driveway nor in alighting from a car do they have any right to alight on the property of the defendant beyond said line, and neither do they have any right to disturb the piers.

The plaintiffs are restricted to the same driveway as that granted upon the original hearing, and shall not drive upon any part of plaintiff's land other than the driveway as it existed at the time of the original decree and as shown by the improved portions thereof as now in existence.

The court finds that the plaintiffs are entitled to no relief regarding the fence and that they are not entitled to go onto the property of the defendant for the purpose of improving or repairing the garage.

If this order is complied with, the defendant will not be fined for contempt. It is ordered that each party pay the costs of their own witnesses and the remaining costs are assessed against the defendant.

Judgment ordering piers moved.

LLOYD and WILLIAMS, JJ, concur.